UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

DANIEL RINCON,

        Petitioner,

-v-                                      No. 05 Civ. 686 (LTS)(MHD)

JOHN W. BURGE,

        Respondent.

------------------------------------------------------x

RAFAEL PEREZ,

        Petitioner,

-v-                                      No. 05 Civ. 687 (LTS)(MHD)

JOSEPH SMITH,

       Respondent.

------------------------------------------------------x

## MEMORANDUM ORDER

        On September 8, 2010, Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report") recommending that the January 20, 2005, petitions of Daniel Rincon and Rafael Perez ("Petitioners") for writs of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.  Timely objections to the Report were received from both Petitioners and from the Government ("Respondent").

        Daniel Rincon was convicted of five counts of murder in the second degree, six counts of criminal possession of a weapon in the second degree, one count of conspiracy in the

first degree, one count of attempted murder in the second degree and one count of assault in the second degree. Rafael Perez was convicted of one count of murder in the second degree, one count of weapon possession in the second degree and one count of conspiracy in the first degree. On separate appeals, Petitioners' convictions were affirmed by the New York Supreme Court, Appellate Division. Petitioners made separate applications to the New York Court of Appeals for leave to appeal, both of which were denied.

Here Petitioners seek habeas relief from their June 27, 1995, judgment of conviction in New York State Supreme Court, on the charges of first degree conspiracy. In their objection to the Report, Petitioners argue that the evidence was insufficient to support their first degree conspiracy convictions and that the trial court's jury instructions negated Petitioners' defense. Respondent objects to the Report's consideration of several claims by Petitioners that were only conclusorily stated in the original petitions for habeas corpus and were not mentioned in the legal memoranda later submitted by their counsel in support of the petitions. Respondent also objects to the Report's recommendation that Perez's petition should be found to be timely and to the Report's analysis (though not its recommended resolution) of Petitioners' Brady claim.

In reviewing the Report, the Court "may accept reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(c) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)

(court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation).  Objections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument.  Camardo, 806 F. Supp. at 381-82.

The Court has conducted a de novo review of those aspects of the Report to which objections have been made and finds Judge Dolinger's thorough and thoughtful analysis to be entirely correct.  With regard to Respondent's objection that the Report improperly considered claims that should have been deemed abandoned, the Court sees no error on the part of the Magistrate Judge; under the circumstances, Judge Dolinger was prudent to consider the merit, or lack thereof, of each claim.  The Report's recommendation as to each of these claims is to deny Petitioners the relief that they requested.  The Court has also reviewed the remaining aspects of the Report's analysis and finds no clear error.

For the foregoing reasons, the Court adopts the Report in its entirety, and the petitions for writs of habeas corpus are denied.  The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.  Because Petitioners have not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not

be issued. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

    SO ORDERED.

Dated: New York, New York
      June 16, 2011

                                        LAURA TAYLOR SWAIN
                                        United States District Judge